UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| O'NEIL GILBERT | CIVIL ACTION |
| VERSUS | |
| SHANNON LESSARD, ET AL. | NO.: 16-00440-BAJ-RLB |

## RULING AND ORDER

Before the Court is the **Motion in Limine (Doc. 29)** filed by Defendants, Eric Lane; Shannon Lessard; and Jarod Verrett, and the **Motion in Limine Regarding Comparative Fault (Doc. 31)**, **Motion in Limine to Suppress Testimony and Evidence Regarding Inmate Witnesses (Doc. 33)**, **Motion for Leave to File Objection to the Qualified Immunity Defense (Doc. 35)**, filed by Plaintiff, O'Neil Gilbert.

### I. BACKGROUND

Plaintiff, an inmate at Elayn Hunt Correctional Center ("EHCC"), brought claims of deliberate medical indifference and excessive force pursuant to 42 U.S.C. § 1983. The Court dismissed Plaintiff's deliberate medical indifference claim due to his failure to exhaust administrative remedies. (Doc. 22 p. 11). Plaintiff's excessive force claims stem from an alleged incident where he purportedly exposed himself to an x-ray technician. (Doc. 24 at p. 2). It is alleged that Plaintiff was then restrained, beaten by multiple guards, and forced to apologize the x-ray technician. (*Id.*).

## II. LEGAL STANDARD

The party objecting to the admission of evidence bears the burden of establishing the inadmissibility of that evidence. *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 295 (5th Cir. 2010).

## III. DISCUSSION

### A. Defendants' Motion

Defendants seek to exclude a variety of evidence, including (1) any documents or discussion of any previous disciplinary action or reports about Defendants unrelated to this suit (2) any discussion of Major Lessard's sexual orientation, (3) any discussion related to the use of body cameras, and (4) the testimony of any inmate witnesses who were not present when the incident occurred. (Doc. 29-1 at pp. 2–4).

#### *1. Documents or Discussion of Previous Disciplinary Action*

Defendants argue that evidence of other administrative grievances or disciplinary actions against Defendants which do not pertain to the instant action violate Federal Rules of Evidence 401, 402, and 404.[1] (*Id.*).

Federal Rule of Evidence 404 applies in both civil and criminal cases. *See Carson v. Polley*, 689 F.2d 562, 575 (5th Cir. 1982). Rule 404(b) governs the admission of crimes, wrongs, or other acts. "Evidence of a crime, wrong, or other act is not admissible to prove a person's character," but such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan,

---

[1] The Court need not dwell on Defendants' argument that evidence of other bad acts are irrelevant under Rules 401 and 402. Such evidence is inherently relevant, which is why the Rules of Evidence address it specifically in Rule 404.

2

knowledge, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). The United States Court of Appeal for Fifth Circuit's test for determining whether evidence of a crime, wrong, or other act is admissible consists of a two-pronged analysis: "First, it must be determined that the extrinsic evidence offense is relevant to an issue other than the defendant's character," and "[s]econd, the evidence must possess probative value that is not substantially outweighed by undue prejudice." *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). The Fifth Circuit has held that, in certain circumstances, prior disciplinary reports may be relevant to prove intent; however, this relies of a variety of factors, such as the specificity of the complaints, the circumstances of the complaints, and the time the complaints were filed. *Carson v. Polley*, 689 F.2d 562, 573 (5th Cir. 1982). "Even where the evidence serves some conceivable non-character purpose such as impeachment, [the Court] still must carefully consider whether the introducing party was actually 'attempting to convince the jury that [Defendant] was a bad man' who acted in conformity with his bad character in the case at hand." *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 785 (5th Cir. 2018) (quoting *United States v. Shaw*, 701 F.2d 367, 386 (5th Cir. 1983)).

Plaintiff has clarified that the only reason he would introduce administrative complaints would be for impeachment purposes, and the only reports Plaintiff has provided the Court deal with the incident that is the subject of this lawsuit. Impeachment is a valid, non-character purpose for introducing Rule 404(b) evidence. *See in re Depuy*, 888 F.3d at 785. Having reviewed the exhibits proffered by Plaintiff,

the Court rules that their probative value is not substantially outweighed by risk of undue prejudice to Defendants. *See. Beechum*, 582 F.2d at 911. Therefore, the complaints may be used for impeachment, but may not be introduced into evidence.

### 2. *Major Lessard's Sexual Orientation*

Defendants seek to exclude, under Rule 401, 402, and 404,[2] any reference to Major Lessard's sexual orientation, specifically that she is married to another female and that an alleged relationship was formed between Major Lessard and the female x-ray technician (Doc. 29-1 at pp. 3–4). Plaintiff argues that such evidence is relevant to Major Lessard's motive and state of mind and motivation when allegedly beating Plaintiff. (Doc. 36 at p. 1).

If Plaintiff can establish a proper foundation, then Major Lessard's alleged relationship with the x-ray attendant, to whom Plaintiff allegedly exposed himself, is relevant to motive behind the alleged use of excessive force. But the Court will not accept rank speculation from Plaintiff. Any allegations of a relationship between Major Lessard and the x-ray technician must be supported by some evidence. The Court will not allow a free-ranging inquiry into Major Lessard's personal life.

### 3. *Reference to the Use of Body Cameras by Defendants*

Defendants argue that at the time of this suit EHCC policy did not require the use of body cameras. (Doc. 29-1 at p. 4). They argue that allowing any testimony about body cameras would be irrelevant and prejudicial under Rules 401, 402, and 403. (*Id.*).

---

[2] The Court is confused by Defendants' reference to Rule 404, as Major Lessard's sexual orientation is unrelated to her character and is certainly not a "crime, wrong, or other act."

4

Although Plaintiff may inquire about the existence of body cameras, Plaintiff may not suggest spoliation or cover-up concerning the lack of body camera footage without a proper foundation.

### 4. *Testimony of Various Inmate Witnesses*

Defendant insists that because Plaintiff has admitted that no inmates were present at the time he was beaten, they do not have any relevant testimony and should be excluded. (Doc. 29-1 at p. 4). Plaintiff argues that the incident started in the walkway outside of two prison units and argues that the inmate witnesses could have seen the event and could have observed Plaintiff's injuries after the incident. (Doc. 36 at p. 5).

The Court will not bar Plaintiff from presenting his case. Had Defendants desired, they could have deposed the inmate witnesses during discovery to find out whether they had any personal knowledge of the incident or of Plaintiff's injuries.

### B. Plaintiff's Motions

### 1. *Comparative Fault*

Plaintiff argues that the Court should not give an instruction to the jury or allow any questioning regarding comparative fault. (Doc. 31-1 at p. 1).Defendants agree that comparative fault is not applicable to this case. (Doc. 44 at p.1). Accordingly, this motion is now moot.

### 2. *Evidence of Disciplinary Reports*

Plaintiff seeks to exclude the disciplinary reports detailing the incident that gave rise to this lawsuit. (Doc. 33).

"Disciplinary reports prepared by security officers are out-of-court statements and, to the extent that they are offered for the truth of the matters asserted therein, constitute hearsay evidence under Rule 801(c) of the Federal Rules of Evidence." *Abbott v. Babin*, No 12-631, 2014 WL 173742, at *2 (M.D. La. Jan. 13, 2014) (quoting *Johnson v. Cain*, No. 09-0454, 2011 WL 2437608, at *2 (M.D. La. June 17, 2011)). The disciplinary reports may fall under the exception for "factual findings resulting from and investigation made pursuant to authority granted by law." Fed. R. Evid. 803(8)(c). However, "such reports are admissible only as to the fact-findings contained therein that are based on the knowledge or observations of the investigating officer, and are not admissible to prove the truth of the hearsay statements of other persons contained therein." *Id.*

Having reviewed the reports, it appears they were made by officers who were at the scene based on their own observations. Accordingly, the reports fall under the hearsay exception in 803(8)(c). To the extent any portions of the reports contain hearsay or are not based on personal knowledge, they should be redacted.

### 3. *Evidence of Plaintiff's and Witnesses' Convictions*

Plaintiff seeks to exclude the facts underlying his and other inmate witness's convictions. (Doc. 33-1).

Federal Rule of Evidence 609(a) requires that, subject to Rule 403, evidence of a witness's felony conviction must be admitted in a civil case. However, the Court finds "that although the *fact* of any . . . convictions may be admissible, evidence regarding the factual details surrounding or underlying the convictions should be excluded as

irrelevant." See *Johnson v. Cain*, No. 09-0454, 2011 WL 2437608, at *1 (M.D. La. June 17, 2011).

### 4. *Evidence from Healthcare Providers*

Plaintiff seeks to exclude any opinions from healthcare providers regarding "whether [an] injury is or is not the result of excessive force." (Doc. 32-1 at p. 5). Defendants do not address this portion of Plaintiff's motion. The Court agrees that testimony on the ultimate issue of excessive force would be outside the scope of any appropriate testimony from a healthcare provider. Accordingly, this portion of the motion is granted

### 5. *Qualified Immunity Defense*

Plaintiff seeks to have the Court omit the question of qualified immunity for the jury. (Doc. 35). As this Court has noted numerous times, the Fifth Circuit Pattern Jury Instructions and case law both allow the question of qualified immunity to go to the jury. *See, e.g., McCoy v. Hernandez*, 203 F.3d 371, 376 (5th Cir. 200). Therefore, the motion is denied.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** Defendants' Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine Regarding Comparative Fault (Doc. 31) is **DENIED AS MOOT**.

7

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine to Suppress Testimony and Evidence Regarding Inmate Witnesses (Doc. 33) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Objection to the Qualified Immunity Defense (Doc. 35) is **DENIED**.

Baton Rouge, Louisiana, this 20th day of August, 2018.

_____
**BRIAN A. JACKSON**
**UNITED STATES DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**