UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GILBERT O'NEIL                                CIVIL ACTION

VERSUS

MAJ. SHANNON LESSARD, ET AL.       NO: 16-CV-00440-BAJ-RLB

## RULING AND ORDER

Before the Court is Defendants' **Motion for New Trial and/or Motion to Alter or Amend Judgement (Doc. 69)**. In addition, for the first time, post-trial, in their **Amended Motion for New Trial and/or Alter Judgement (Doc. 78)**, Defendants argue that the Court did not have jurisdiction to hear this matter, based on the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). For the reasons stated below, the court **DENIES** Defendants' motions.

## I.  FACTUAL BACKGROUND

This matter arises from an attack which occurred on or about January 8, 2016 at the Elayn Hunt Correctional Center ("EHCC"). (Doc. 1). Gilbert O'Neil ("Plaintiff") alleged that an employee of the EHCC attempted to strike him, after which Plaintiff retaliated. (*Id.* at ¶ 6). Plaintiff claimed that he was eventually brought to an x-ray room and was restrained, at which point Major Shannon Lessard and an unnamed cadet began to beat Plaintiff. (*Id.* at ¶¶ 9, 11). Plaintiff alleged that Lieutenant Jarrod Verrett and Master Sargent Eric Lane entered the room and joined in the attack. (*Id.*

1

at ¶ 12). Plaintiff claimed that Lane and Verret continued beating him while he was restrained and being transported back to his cell. (*Id.* at ¶ 16).

Plaintiff alleged that as a result of the attacks, he was unable to walk for three weeks, and had injuries to his head, arm, left elbow, lower back, left hip, and left leg. (*Id.* at ¶ 20). Plaintiff further alleged that Lessard did not have her body camera at the time of the incident and no photographs of his injuries were taken. (*Id.* at ¶¶ 21, 23). Plaintiff argued that the force used against him was unreasonable, that Defendants had treated other inmates similarly, and that the internal policies of the EHCC were violated by the attack. (*Id.* at ¶¶ 25; 26; 30).

A trial in this matter was commenced on August 21, 2018 (Doc. 66) and the jury returned a verdict form finding that:

1. It was more likely than not that Defendants used excessive force against Plaintiff.
2. It was more likely than not that Plaintiff suffered harm as a result of Defendants' use of force.
3. Defendants were not entitled to Qualified Immunity.
4. Plaintiff was owed Compensatory Damages resulting from Defendants' use of force.
5. Plaintiff was entitled to $50,000.00 in Compensatory Damages.
6. It was more likely than not that Defendants acted with reckless indifference to Plaintiff's safety.
7. Lessard was assessed $7,500.00 in Punitive Damages, Verrett was assessed $5,000.00 in Punitive Damages, and Lane was assessed $5,000.00 in Punitive Damages.

(*Id.*). Defendants now move for an Order setting aside the verdict and judgment pursuant to Rule 59(a)(1)(A) and Rule 59(e) of the Federal Rules of Civil Procedure (Doc. 69). Defendants argue for the first time that the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) deprived this Court of jurisdiction over the

2

claims and that the matter should be dismissed. They argue that because Plaintiff was subjected to prison disciplinary procedures as a result of the incident, he was barred from making a civil claim against Defendants based on the *Heck* doctrine.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(a)(1)(A) provides that the Court "may, on motion, grant a new trial on all or some of the issues – and to any party – . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "The decision to grant or deny a motion for new trial is within the sound discretion of the trial court . . ." *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998).

Regarding a motion to alter or amend a judgment "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D.La.2000).

When reviewing the award of punitive damages, a court must consider that the Constitution imposes a substantive limit on the amount of punitive damages awards.

3

*Honda Motor Co. v. Obergh*, 512 U.S. 415, 420 (1994). A court may alter a damage award upon a clear showing of excessiveness or upon a showing that the jury was influenced by passion or prejudice to assess an unduly high penalty. *Eiland v. Westinghouse Electric Corp.*, 58 F.3d 176, 183 (5th Cir. 1995). The United States Supreme Court has set forth three factors that must be examined when considering punitive damages:

1.) The degree of reprehensibility of the defendant's conduct;
2.) The disparity between the harm suffered, and the punitive damages awarded; and
3.) The possible criminal and civil sanctions for comparable misconduct.

*Williams v. Kaufman County*, 352 F.3d 994, 1016 (5th Cir. 2003) (citing *BMW of N. Am., v. Gore*, 517 U.S. 559, 575 (1996)).

## III. ARGUMENTS AND DISCUSSION

### A. Request for a New Trial or Reduction in Verdict Amount Based on Excessive Punitive Damages

In seeking a reduction of punitive damages or an order setting a new trial, Defendants assert that the compensatory and punitive damages were the result of bias, passion, or prejudice, causing such fines to be grossly excessive. (Doc. 69-1). Defendants analyze the request for a new trial or an alteration of the verdict under the *Williams* standard. 517 U.S. 559, 575. Defendants also argue that the awards granted by the jury in this matter are *de facto* excessive, given what they claim was Plaintiff's lack of proof presented at trial.

### i. *Reprehensibility*

Concerning the reprehensibility of Defendants' actions, Defendants argue that the record did not support a finding that Defendants acted with "reckless indifference" and that Defendants "were simply doing their duty as correctional officers, and using proportional and reasonable force, as per policy, to maintain the safety and security of the options when the plaintiff was acting recalcitrant and refusing to obey prison rules . . ." (Doc. 69-1 at p. 5). Defendants further argue that Plaintiff's testimony was uncorroborated by any other witnesses. Further, Defendants claim that Plaintiff was unable to present any evidence to establish any lasting physical harm from the events alleged to have taken place. Therefore, Defendants argue that their actions were not reprehensible and that the punitive damages awards were excessive.

The Court disagrees. The jury heard testimony from multiple parties and concluded that, despite Defendants' arguments to the contrary, Defendants' actions were indeed reprehensible enough to warrant punitive damages. Plaintiff provided testimony and video evidence showing that Plaintiff was screaming in pain, and crying profusely. The Court finds that the jury had ample evidence to reasonably determine that Defendants' actions were reprehensible, and to assess punitive damages.

## ii. Relationship to Harm Suffered

Next, the Court must compare the amount of punitive damages assessed against Defendants to the harm suffered by Plaintiff. *Williams,* 517 U.S. 559, 575. Defendants allege that Plaintiff suffered "absolutely no injury" due to Defendants' conduct.[1] (Doc. 69-1 at p. 7). Defendants further argue that their actions were taken in good faith and were not shocking, "even in the slightest sense." (*Id.*). For the reasons stated in the proceeding section of this ruling, the Court disagrees, and finds that the jury had ample reason to find that Plaintiff suffered harm. Also, the jury could and did find, based on the evidence at trial, that Defendants' actions were directly related to the harm suffered by Plaintiff, and that such conduct was shocking to the point of justifying the punitive damages awarded.

## iii. Relationship to Possible Criminal Sanctions

Finally, the Court must compare the alleged conduct of Defendants to similar criminal and civil violations, and to examine the relevant monetary penalties therein. *Williams,* 517 U.S. 559, 575. Defendants allege that video evidence of Plaintiff being carried by his arms and legs by Defendants is akin to simple battery or simple assault in the criminal context. (*Id.* at pp. 7-8). Defendants argue that the associated fines for these criminal offenses is far less than the damages awarded by the jury, and therefore, the jury's penalties were excessive.

---

[1] The Court notes that on page six of Defendants' motion, Defendants allege that Plaintiff "received proper medical evaluations and treatment," which the Court interprets as an admission that there was at least some injury that required treatment.

The Court disagrees. Defendants severely misunderstand the applicability of State law limitations on recovery for criminal acts to the assessment of punitive damages for an 8th Amendment violation in a federal civil case. To limit punitive damages to the maximum recovery available for related criminal acts would completely obviate the purpose of having a separate civil court proceeding, complete with separate rules for the calculation of damages.

The Court recognizes that the maximum penalty for a criminal act can provide *guidance* as to the appropriate punitive damages. In *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 583 (1996), the Supreme Court opined that in a civil case penalties related to analogous criminal acts can provide guidance on whether punitive awards were excessive. Citing its ruling in *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 23 (1991), the *Gore* Court acknowledged, however, that the risk of imprisonment in the criminal context but not in civil cases presents a completely different consequence that limits the usefulness of comparing civil penalties and criminal sanctions.

In the instant matter, Defendants' attempt to compare a civil violation with the corresponding criminal penalties lacks persuasion. When all relevant factors are considered, the Court finds that there was ample evidence for the jury to find that the harm inflicted on Plaintiff justified the punitive damages awarded. Thus, Defendants' request for an altered verdict or new trial based on excessive awards of punitive damages is DENIED.

## B. Request for a New Trial or Reduction in Verdict Amount Based on Excessive Compensatory Damages

As a threshold matter, the Court finds that Defendants' motion does not meet the standard required by *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990), which provides that a motion to alter or amend a judgment "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." The jury's award is not to be disturbed unless it is so large as to "shock the judicial conscience" or indicates "bias, passion, prejudice, corruption, or other improper motive" on the part of the jury. *Morgan v. Commercial Union Assurance Cos.,* 606 F.2d 554, 556 (5th Cir. 1979). *See also King v. Ford Motor Co.,* 597 F.2d 436, 445 (5th Cir. 1979).

The Court finds that Defendants' arguments are merely the same arguments made at trial, which the jury considered when it rendered its verdict. To the extent that Defendants argue that the jury acted unreasonably in light of the evidence presented, the Court finds no evidence on this record to support this assertion. Thus, Defendant's request for an alteration of the final judgment based on an excessive compensatory damages award is DENIED.

## C. Heck Doctrine

Defendants also suggest that this Court is obligated to apply the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994) to the instant matter and find that the Court did not have jurisdiction to hear this case.[2] (Doc. 78-1 at pp. 13-14). The rule in *Heck* provides that to recover damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the underlying conviction or sentence has been nullified. *Heck*, 512 U.S. 477. The *Heck* Court was primarily concerned with preventing collateral attacks on criminal proceedings through civil judgments. *Id*. *Heck* has been expanded to encompass prison disciplinary proceedings. *Edwards*, 520 U.S. at 646–48.

The Fifth Circuit has also found that the decision to impose prison disciplinary procedures against a prisoner for a violation of prison rules can be severable from a separate lawsuit challenging the specific force used on the prisoner in response to the violation. In *Bourne v. Gunnels*, No. 17-20418, 2019 WL 1613537, at *4 (5th Cir. Apr. 16, 2019), the Fifth Circuit found that *Heck* is not a total bar to § 1983 claims against prison officials, even when good time was lost. The Fifth Circuit found that allowing a plaintiff's excessive force claim to proceed does not always call into question the validity of a prisoner's underlying conviction for armed robbery, or the discipline a prisoner receives for "creating a disturbance" by tampering with his cell's locking mechanism. *Id*. Because no underlying disciplinary procedure was implicated by the

---

[2] The State neglected to explain why it failed to raise this defense until after the jury returned its verdict.

plaintiff's excessive force claim in *Bourne*, the Fifth Circuit reversed the District Court's application of *Heck*. *Id*.

The situation presented in the instant matter is similar to the one in *Bourne*. Plaintiff, in bringing § 1983 claims against prison officials for unlawful use of force, does not argue that the resulting loss of "good time" was improper, and is in no way challenging that aspect of the incident. In this matter, Plaintiff admitted to attempting to strike Msgt. Lewis, which is a violation of prison rules.[3] Plaintiff alleges he was restrained and compliant when he was beaten in the X-ray room.

Part of the *Heck* analysis requires a court to determine if the prison discipline was justified. The standard of proof required for the revocation of good time credit is exceptionally low. The Supreme Court has determined that to meet Constitutional standards, "some evidence" must be offered, even if it might be characterized as "meager." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). Therefore, in light of this exceedingly low evidentiary standard, allegations that a prisoner "did nothing wrong" are fatal to a prisoner's § 1983 claims because in such a circumstance *no* adverse prison disciplinary action would be justified. A finding that no discipline was justified is by default a collateral attack on the disciplinary procedure levied against the prisoner, a situation the *Heck* Court sought to prevent.

Defendants make a great deal out of the fact that Defendant at one point claimed that he was not resisting the officers, and was beaten still. However, based

---

[3] Plaintiff also lost good time credits for violations of two prison rules: four counts of violating Rule 3: Defiance, and one count of violating Rule 21E: Aggravated Sex Offense, which resulted in the revocation of good time. (Doc. 78-1 at p. 15).

on the allegations made by Defendants concerning Plaintiff's behavior prior to, and during, the subject incident, the Court finds that Defendants have met the low evidentiary burden set forth in *Hill* to establish that Defendant deserved to have his good time credits revoked. However, in this case, as in *Bourne*, the civil rights violation is severable from the prison administrative proceeding that resulted in the revocation of Plaintiff's good time credit.

The *use* of force should not be conflated with the *severity* of the force. The use of force is sometimes necessary and proper to maintain the safety and security of inmates and prison officials. It does not follow, however, that *all* use of force applied to an inmate by a prison official is automatically immune from scrutiny under § 1983 if a disciplinary action was instituted by the prison. In fact, the Fifth Circuit has acknowledged the fact-intensive nature of the *Heck* analysis, stating:

> Although the *Heck* principle applies to § 1983 excessive force claims, the determination of whether such claims are barred is analytical and fact-intensive, requiring us to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction. *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008).

In the instant matter, after having heard all relevant testimony and evidence, including evidence that Plaintiff struck Msgt. Adams and was generally uncooperative, the jury found that the level of force inflicted by the officers was excessive, given the circumstances. Theoretically, a court could find that the revocation of good time was justified by "some evidence," however meager, and in the same incident, a court could nonetheless find that officers violated a prisoner's civil rights by using excessive force in response to such incident. The two acts may be both

11

related, yet disparate due to the application of two different standards of proof. Here, Plaintiff has not directly or indirectly challenged the revocation of his good time credit.

If taken to its logical conclusion, a rule that the revocation of good time credit serves to completely bar civil recovery on claims of excessive force risks producing absurd results. By this logic, a prisoner can be beaten to the point of disfigurement and permanent disability with no civil consequence, so long as the underlying revocation of good time credit meets the extremely low standard of "some meager evidence in the record." Such an absurd result is unsupported by the holdings in both *Heck* and *Edwards*.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Motion for New Trial and/or Motion to Alter or Amend Judgement (Doc. 69) is DENIED.**

**IT IS FURTHER ORDERED** that Defendants' **Amended Motion for New Trial and/or Alter Judgement (Doc. 78),** which raised additional arguments based on *Heck v. Humphrey*, 512 U.S. 477 (1994), is **DENIED**.

Baton Rouge, Louisiana, this 7th day of August, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**